UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET SHANKLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-00996-MTS |
| ST. LOUIS COUNTY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Janet Shanklin brings this civil action against St. Louis County, an assistant County prosecutor, and a municipal court judge. Plaintiff alleges her constitutional rights were violated in a state-court trial on charges of peace disturbance. Doc. [1]. The matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fee and costs. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. *See* 28 U.S.C. § 1915(a)(1). Since Plaintiff is proceeding *in forma pauperis*, the Court has reviewed her complaint under 28 U.S.C. § 1915(e)(2). Based on this review, the Court will dismiss her Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, the Court will deny as moot Plaintiff's motion for appointment of counsel.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When

reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Pleadings**

Plaintiff resides in Florissant, Missouri, located in St. Louis County. Doc. [1] at 2. She brings this civil action against several Defendants: (1) St. Louis County; (2) St. Louis County Assistant County Counselor Steven M. Ebert; and (3) St. Louis Municipal Court Judge Evan

P. Sullivan. *Id.* at 1-2. Plaintiff alleges violations of her "due process & civil rights guaranteed by the U.S. & Missouri Constitutions," including, she says, the Fifth Amendment, Fourteenth Amendment, and the Supremacy Clause. *Id.* at 3-4.

The allegations of Plaintiff's complaint pertain to a criminal prosecution in state court for peace disturbance violations. According to Plaintiff, her "listening to the gospel of Jesus Christ on the all talk gospel radio station, 91.5 F.M., BOTT Radio while gardening in her front and back yards," resulted in multiple noise complaints by her next-door neighbor. Doc. [1-1] at 15. From these, in 2020 and 2021, Plaintiff was charged with four counts of violating St. Louis County's peace disturbance ordinances. *Id.* at 1-2 (citing circuit cases 180638668, 180615889, 180616396, & 180640481). Eventually, one of the peace disturbance charges against Plaintiff was dropped, but Plaintiff went to trial on the other three charges and was found guilty on January 23, 2023. Doc. [1] at 5. Plaintiff alleges that the jury imposed a sentence of a $1000 fine per count with no jail time, but the trial court judge suspended the imposition of the sentence ("SIS") and placed Plaintiff on two years of supervised probation with certain conditions. *Id.*

Plaintiff appealed her case to the Missouri Court of Appeals for the Eastern District. *See St. Louis Cnty. v. Shanklin*, No. ED111559 (Mo. Ct. App. E.D. 2023).[1] The court ordered Plaintiff to show cause as to why the appeal should not be dismissed for lack of a final, appealable judgment. *Id.* at *Order to Show Cause* (June 16, 2023). In response, Plaintiff filed a document that is largely the same as the document she filed in this case as a supplement to her Complaint, titled "Civil Complaint." *See* Doc. [1-1].

---

[1] The Court may take judicial notice of public records and judicial opinions. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

In that document, Plaintiff alleges that the state court hearing her peace disturbance charges allowed the suppression of exculpatory evidence in contravention to *Brady v. Maryland*, 373 U.S. 83 (1963), which Plaintiff says prejudiced her and denied her due process. *Id.* at 3-9. The referred-to evidence appears to be "police bodycam recordings," "police reports," and evidence that Plaintiff had filed two prior lawsuits against the neighbor who made the noise complaints. Doc. [1] at 5. Specifically, as to the bodycam footage, Plaintiff states that such evidence "would be outcome-determinative and exonerate" her, though she does not state what the footage would show. Doc. [1-1] at 7. Plaintiff also argues that the jury should have been told that the fourth peace disturbance charge was voluntarily dismissed. According to Plaintiff, this "material fact [] may also have been outcome-determinative" because Plaintiff believes the charge was dropped by the prosecutor due to the police officer making a "false charge" and filing a "false" police report. *Id.* at 11.

Plaintiff also asserts that the state court allowed inadmissible hearsay evidence. *Id.* at 9-10. As best as this Court can decipher, Plaintiff is referring to testimony from police officers who did not witness the alleged peace-disturbing behavior but who took the noise complaints from Plaintiff's neighbor. *Id.* Finally, Plaintiff asserts prosecutorial misconduct by Assistant County Counselor Steven Ebert for not providing body camera footage from multiple police officers and abuse of discretion by trial court Judge Evan Sullivan for setting aside the jury's sentence "to issue a non-appealable SIS and probation, without no cause given other than to circumvent review for constitutional error by a higher court." *Id.* at 5-14. Plaintiff states that the decision to commute the jury's final appealable sentence to a non-appealable SIS "was a veiled attempt by Judge Sullivan and Prosecutor Ebert to conceal from post-trial eyes any subsequent review by a higher court for constitutional and procedural error." *Id.* at 13.

The Missouri Court of Appeals dismissed Plaintiff's appeal based on these arguments. *St. Louis Cnty. v. Shanklin*, No. ED111559 (dismissed July 25, 2023). The court held that under Missouri law, where imposition of sentence is suspended, the judgment is not final for purposes of appeal and so a defendant may not appeal it. *Id.* (citing *State v. Welch*, 865 S.W.2d 434, 435 (Mo. Ct. App. E.D. 1993); *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984)). As such, the court dismissed Plaintiff's appeal for lack of a final, appealable judgment. *Id.* (mandate issued Aug. 16, 2023).

Plaintiff now seeks relief in this Court, where she largely appears to be attempting to appeal her state court result. She makes the same arguments made in her Show Cause Response in state court, with the addition of one new argument: Plaintiff seeks a finding that St. Louis County Ordinances 716.073 and 716.070[2] are "overbroad, facially and

---

[2] These ordinances read:

**716.070 – Permitting Conduct Calculated to Disturb the Peace**
-- A person shall not permit any conduct of the kind referred to in Section 716.060 [Public Disturbance of the Peace] or Section 716.073 [Public Disturbance of the Peace – Loud Noise] in or upon any house or premises owned or possessed by him or under his management or control, so that others in vicinity are likely to be disturbed thereby.

**716.073 – Public Disturbance of the Peace – Loud Noise**
-- 1. It shall be unlawful to play any radio, music player such as a "boom box," tape cassette, disc player, television, audio system or musical instrument in a manner or at a volume that disturbs the peace of any reasonable person; except, however, that nothing herein shall be construed to prohibit an otherwise lawful public concert or public performance.

2. It shall be unlawful to speak, shout, sing or create any noise at a volume that disturbs the peace of any other reasonable person, except that nothing herein shall be construed to prohibit the summoning of assistance in an emergency.

3. For the purpose of prosecution under this section, it shall be presumed that any speech, song or noise, or the playing of any radio, music player such as a "boom box," tape cassette, disc player, television, audio system or musical instrument, is disturbing to the peace of another reasonable person if the volume is such that it is plainly audible to persons more than fifty (50) feet away from the source of the noise.

unconstitutionally vague," because they "discriminate[] against believers of Jesus Christ as compared to other religions[] and should be struck down as unconstitutional." Doc. [1-1] at 15-16. Plaintiff complains about the ordinances' requirement that noise not be heard more than fifty feet away from the source, given that her home is 120 by 75 feet in size and her neighbor's home is only seventeen feet away. *Id.* at 15. Also, Plaintiff asserts that it violates her First Amendment right to freedom of religion to categorize as "noise nuisance" her "enjoyment of listening to the gospel of Jesus Christ." *Id.* at 15-16.

Plaintiff seeks a finding that the St. Louis County Ordinances are unconstitutional along with court costs and punitive damages. Docs. [1] at 4 & [1-1] at 16.

## Discussion

After careful review and liberal construction of Plaintiff's allegations, the Court finds that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is far from clear under which federal statute Plaintiff seeks relief. Her complaint alleges violations of her civil rights under the U.S. Constitution. At times, her claims sound in constitutional tort via 42 U.S.C. § 1983; at other times, her claims sound in habeas.[3] Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope

---

*Saint Louis County, Missouri: Code of Ordinances*, https://library.municode.com/mo/st._louis_county/codes/code_of_ordinances?nodeId=11512 (version as of Aug. 18, 2023).

[3] For example, her Civil Cover Sheet states that the case is filed under a habeas corpus provision. *See* Doc. [1-4] (stating that Plaintiff is filing her action under "Title 28 United States Code Section 2255"). Although Plaintiff cites 28 U.S.C. § 2255, that statute provides potential relief to those in custody under a sentence issued by a federal court, whereas 28 U.S.C. § 2254 applies to persons "in custody pursuant to the judgment of a State court." Since Plaintiff's complaint pertains to a state-court case, habeas relief under 28 U.S.C. § 2254 will be discussed herein.

and operation. In any event, as discussed below, the Court finds that the allegations of Plaintiff's pleadings do not state a claim upon which relief may be granted under either federal statute.

**I.      Habeas Relief**

Defendant Judge Sullivan suspended the imposition of the sentence in Plaintiff's case and placed Plaintiff on supervised probation. Under Missouri law, "an SIS is neither a conviction nor a sentence." *Brown v. State*, 600 S.W.3d 829, 833 (Mo. Ct. App. E.D. 2020) (citing *Roe v. Replogle*, 408 S.W.3d 759, 762 n.2 (Mo. banc 2013)). As the Supreme Court of Missouri explained:

> A suspended imposition of sentence [] defers the sentencing as well as the entry of a conviction on defendant's record. . . . When an offender is on probation with a suspended imposition of sentence, the court may revoke his probation and impose any sentence within the limit set by law for the offense. An offender on a suspended imposition of sentence who successfully completes probation does not have a criminal conviction on his record.

*Hoskins v. State*, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010) (citing *Edwards v. State*, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007)). No doubt this is why the Missouri Court of Appeals found that there was no final, appealable judgment in Plaintiff's state court appeal.

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Plaintiff is neither in custody nor under the judgment of the state court because her SIS result in state court is neither a conviction nor a sentence. Without a conviction or sentence, Plaintiff has nothing upon which to seek a writ of habeas corpus.

## II.     Claims under 42 U.S.C. § 1983

Though § 1983 provides a "broad remedy for violations of federally protected civil rights," *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978), Plaintiffs claims fair no better if construed as claims under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### a.  Lack of Jurisdiction to Review a State Court Decision

Plaintiff's filings, at times, seem to seek review or appeal of her state court trial.  But this federal court does not sit in review of a state court decision on the same claims.  Under the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review state court decisions. *See Dodson v. Univ. of Ark. for Med. Sci.*, 601 F.3d 750, 754 (8th Cir. 2010); *see also* 13D C. Wright & A. Miller, *Federal Practice and Procedure* § 3573.2 (3d ed.).  The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> Litigants can choose whether to pursue . . . claims in state or federal court.  Once a party has litigated in state court, however, he cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a [section] 1983 action.  In other words, if a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again.  He must follow the appellate procedure through the state courts and seek review before the Supreme Court.

*Dodson*, 601 F.3d at 754-55 (quoting *Prince v. Ark. Bd. Exam'rs in Psych.*, 380 F.3d 337, 340 (8th Cir. 2004) (internal citations and quotations omitted)).

Therefore, Plaintiff may not seek review of her state court case to this federal district court. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). While the Court cannot review or reject her state court case, it will examine whether any of her claims under § 1983 state a claim for redress upon which relief may be granted.

### b.  Defendant St. Louis County

A local governmental entity like the County can be sued directly under § 1983. *See Monell*, 436 U.S. at 690. Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, Plaintiff has not alleged that St. Louis County has an unconstitutional policy or custom that makes it liable for the alleged violations of her constitutional rights that occurred during her state trial. There is no mention whatsoever of any policy or custom anywhere in the allegations. In addition, Plaintiff makes no arguments concerning a deliberately indifferent failure to train or supervise by St. Louis County.

However, "[a] policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). Liberally construing self-represented Plaintiff's arguments, Plaintiff's statements concerning the unconstitutionality of the St. Louis County peace disturbance ordinances may be her allegation of an unconstitutional "policy."

For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn*, 486 F.3d 385, 389 (8th Cir. 2007). But when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must

establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

In this case, Plaintiff argues that the St. Louis County peace ordinance is unconstitutional because it violates her First Amendment right to freedom of religion. *See* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."). She bases this allegation on the fact that County prosecutors charged her with a noise violation for playing loud music, which happened to be religious in nature. The County ordinances, though, do *not* discriminate on the basis of the type of music; they prohibit disturbing the peace through excessively loud secular music just as they prohibit disturbing the peace through excessively loud religious music. *See Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1882 (2021) (Barrett, J., concurring) (noting that the Supreme Court has "held that a neutral and generally applicable law typically does not violate the Free Exercise Clause—no matter how severely that law burdens religious exercise").

The ordinances at issue are neutral and generally applicable. Plaintiff makes no allegation that suggests that officials enforced the ordinance against her due to the type of music to which she listened. Nor does Plaintiff present any argument or allegation of a pattern suggesting that County officials routinely use these ordinances to charge people based on the type of loud noise. As such, Plaintiff's factual allegations do not state a claim for a constitutional violation by any St. Louis County employee in the enforcement of the County ordinances. Without an unconstitutional policy, Plaintiff cannot state a claim of municipal liability under § 1983 against St. Louis County.

### c. Defendants Ebert and Sullivan

As for § 1983 claims against Judge Sullivan and Prosecutor Ebert, immunity bars Plaintiff's claims. Judges are absolutely immune from suit for money damages unless they act outside of their judicial capacity or in the clear absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986); *see also Pierson v. Ray*, 386 U.S. 547 (1967) (judges may not be held liable for damages under § 1983 for the performance of their respective duties in judicial proceedings).

Here, Plaintiff alleges Judge Sullivan abused his discretion when he suspended imposition of Plaintiff's sentence. Sullivan's decision was quintessentially judicial in nature. Plaintiff alleges no facts that Judge Sullivan acted outside his judicial capacity or without jurisdiction. Although Plaintiff alleges that he made his decision in an attempt to prevent appellate review of the case, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). All of Plaintiff's allegations against Judge Sullivan are based on alleged wrongdoings by Sullivan while performing his judicial duties in Plaintiff's state court proceedings. Because Judge Sullivan acted within his judicial capacity and within his court's proper jurisdiction, he enjoys absolute immunity from civil suit as to Plaintiff's claims against him.

Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *see also Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976).

In this case, Plaintiff asserts that Ebert committed prosecutorial misconduct when he did not provide body camera footage from police officers. As alleged, Plaintiff's § 1983 claims against Prosecutor Ebert also are barred by immunity. *Villasana v. Wilhoit*, 368 F.3d 976, 979 (8th Cir. 2004) (when acting in a prosecutorial capacity, a "prosecutor has absolute immunity from *Brady* damage claims under § 1983"); *see also Truvia v. Julien*, 187 F. App'x 346, 348 (5th Cir. 2006) (per curiam) (finding claims asserted against prosecutor in his individual capacity that stemmed from his direct participation in the suppression of *Brady* evidence were barred by absolute immunity and were properly dismissed by the district court); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (noting a prosecutor's decision not to preserve or turn over exculpatory material in violation of due process under *Brady* is "an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages").

## CONCLUSION

Plaintiff filed this civil action asserting that her constitutional rights were violated in a state trial on three charges of peace disturbance. Construing Plaintiff's action as seeking habeas relief, such relief is premature because she is not in custody under a state court judgment and she has not exhausted state court remedies. Construing Plaintiff's action as seeking redress under 42 U.S.C. § 1983, this federal district court cannot sit in appellate review of a state court decision. Further, Plaintiff's pleaded facts are insufficient to state a claim for municipal liability against St. Louis County based on its allegedly unconstitutional peace disturbance ordinances, and immunity bars Plaintiff's § 1983 claims against Judge Sullivan and Prosecutor Ebert. For all of these reasons, Plaintiff's Complaint fails to state a claim upon

which relief may be granted, and the Court must dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any Defendant because the Complaint fails to state a claim upon which relief may be granted.  Plaintiff's claims against Defendants St. Louis County, Steven M. Ebert, and Evan P. Sullivan will be dismissed with prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that, for the reasons explained herein, an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of December 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE